# IN THE COURT OF APPEALS OF IOWA

No. 13-1400
Filed November 13, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JESSE AUSTIN BARNES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Carol L. Coppola, District Associate Judge.


        Jesse Barnes challenges the sufficiency of the evidence supporting his convictions of assault with a dangerous weapon and assault causing bodily injury.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Dennis D. Hendrickson, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Lily Dobson, Student Legal Intern, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Jesse Barnes challenges the sufficiency of the evidence supporting his convictions of assault with a dangerous weapon, in violation of Iowa Code sections 708.1 and 708.2(3) (2011), and assault causing bodily injury, in violation of sections 708.1 and 708.2(2). When the evidence is viewed in the light most favorable to the State, and accepting all inferences that arise, there is substantial evidence supporting the convictions. We therefore affirm.

We review challenges to the sufficiency of the evidence for errors of law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). We will uphold a verdict if substantial record evidence supports it. *Id.* at 440.

The jury could reasonably find the following facts. On April 6, 2013, Michael Raye and David Raye were completing concrete work on a driveway at 6201 Muskogee Avenue in Polk County. Barnes, an employee of David Raye, angrily arrived at the jobsite with Kimberly Allgood.[1] Barnes and Michael Raye engaged in a verbal argument that escalated to a physical fight instigated by Barnes during which Michael Raye sustained several injuries, including scrapes on his arm and a knot behind his ear after being struck in the head by Barnes.

David Raye attempted to intervene and stop the fight. David Raye called 911 while the altercation was ongoing. Barnes, still enraged, walked past Raye's truck toward his own vehicle, striking the side mirror on Raye's truck as he went by. David Raye yelled at Barnes. Barnes then went to his own vehicle and retrieved a knife. David Raye testified regarding the knife that "at the time, you know, I didn't know what it was. It was fairly good-sized. I knew what it was

---

[1] Barnes testified Allgood is his common-law wife.

when it came out of the sheath. It was a fixed blade bowie knife." When asked about seeing Barnes carrying the weapon, David Raye testified that seeing the knife "[s]cared the living daylights out of me" and that Barnes "was beyond irate." When David Raye saw Barnes approaching him with the knife, he went into his truck, and retrieved a firearm. He continued to yell at Barnes, telling him the police were on the way. After seeing the gun, Barnes returned the knife to his van.

Viewing the evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence, *see Showens*, 845 at 439-40, there was substantial evidence supporting the convictions of assault with a dangerous weapon (upon David Raye) and assault causing bodily harm (upon Michael Raye).

While Barnes raised a justification defense and he and Allgood testified Michael Raye was the initial aggressor,[2] issues of credibility are for the jury to determine. *State v. Shanahan,* 712 N.W.2d 121, 135 (Iowa 2006) ("The function of the jury is to weigh the evidence and 'place credibility where it belongs.'" (citation omitted)). The jury was free to disbelieve Barnes's version of the events.

Michael Raye testified that Barnes initiated the confrontation, including pushing first and throwing the first punch. He stated Barnes unsheathed the knife after retrieving it from the vehicle, and proceeded to walk toward David

---

[2] Barnes also testified he placed Allgood in the van to protect her, shut the door, and stood by holding his fishing knife—with the knife still sheathed. He stated he put the knife back away and came around the van, where he saw David Raye pointing a gun at them.

Raye with the knife in his hand. Anne Cook, whose driveway the Rayes were working on that day, testified she did not see the beginning of the altercation, but heard tires squealing, a car door slam shut, and a lot of shouting. Cook testified she saw Barnes run up behind Michael Raye as Michael stumbled across her driveway. She stated Barnes grabbed Raye from behind and pulled him to the ground. The jury also heard the audio recording of David Raye's 9-1-1 call, and viewed the digital recording from responding Officer Von Kenneth Breise Jr.'s patrol car. The officer's patrol car tape includes statements to police from Michael Raye, David Raye, Kimberly Allgood, Anne Cook, and Robert Buchanan, one of Cook's neighbors. After hearing the evidence, the jury could reasonably conclude Barnes was the aggressor in the physical altercation with Michael Raye, who sustained injuries as a result. The jury could also find Barnes retrieved a knife from his van and advanced on David Raye with that knife, stopping only when he saw that David Raye held a gun. Substantial evidence supports both convictions and we therefore affirm.

**AFFIRMED.**